UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAMPBELL'S SIDING & WINDOWS, et al,<br><br>　　　　　　　Defendants. | Case No. 1:15-CV-00255-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court in the above-entitled matter is Plaintiff's Motion for Preliminary Injunction. (Dkt. 3.) The named Defendants have been served with a copy of the Complaint in this matter as well as the Motion for Preliminary Injunction. (Dkts. 5, 7-9.) One Defendant has filed a notice of appearance but there has been no response filed to the Motion. (Dkt. 6.) The time for any response has passed and the Motion is ripe for the Court's consideration.

Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER- 1**

## STANDARD OF LAW

A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment. *Textile Unlimited, Inc. v. A..BMH Co., Inc.*, 240 F.3d 781 (9th Cir. 2001) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). They are governed by Federal Rule of Civil Procedure 65(a).While courts are given considerable discretion in deciding whether a preliminary injunction should enter, injunctive relief is not obtained as a matter of right and it is considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Sampson v. Murray,* 415 U.S. 61 (1974)*; Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co.,* 363 U.S. 528 (1960); and *Stanley v. Univ. of Southern California,* 13 F.3d 1313 (9th Cir. 1994).

The standard for a preliminary injunction requires a plaintiff to show four elements: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has recognized the applicability of the *Winter* decision in this Circuit. *See American Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir 2009) (quoting *Winter*, 129 S.Ct. at 374).

MEMORANDUM DECISION AND ORDER- 2

The Ninth Circuit considers all of the elements, except for irreparable injury, using a sliding scale approach where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Irreparable injury is not, however, subject to such balancing. To satisfy the irreparable injury element, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 23 (emphasis in original). The plaintiff must demonstrate that irreparable harm is real, imminent and significant—not merely speculative or potential—with admissible evidence and a clear likelihood of success.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Ohio Casualty Insurance Company (OCIC), issued payment and performance bonds for the Defendant, Campbell's Siding & Windows (Campbell's) in the amount of $398,110 (Bond No. 67S201542). The bonds guaranteed Campbell's payments and performance on "The Terraces of Boise" construction project. Campbell's and each of the individually named Defendants executed an Indemnity Agreement dated September 24, 2012 in favor of OCIC.

The Complaint alleges that Campbell's failed to perform its obligations under the construction contract. As a result, claims have been made on the bonds and OCIC anticipates payments under both the performance and payment bonds. OCIC has demanded the Defendants indemnify and hold OCIC harmless from any loss, costs, and expenses it incurs as a result. The Defendants have failed and/or refused to respond to OCIC's demand. As a

**MEMORANDUM DECISION AND ORDER- 3**

result, OCIC has brought this action by filing the Complaint which raises claims against the Defendants for specific enforcement and breach of contract relating to the Indemnity Agreement. (Dkt. 1.) In particular, OCIC alleges the Defendants have failed and/or refused to comply with the terms of the Indemnity Agreement by not providing any books or records, posting the demanded collateral security, or otherwise indemnifying OCIC. In addition, OCIC filed the instant Motion for Preliminary Injunction which the Court now takes up. (Dkt. 3.)

## DISCUSSION

Plaintiff's Motion seeks entry of a preliminary injunction in this matter requiring the Defendants to deposit collateral security in the amount of $870,220. (Dkt. 3.) Attached to the Motion is a Declaration of OCIC's investigator for the claim, Nina Durante, which includes a copy of the Indemnity Agreement, the bonds, and OCIC's demand made to the Defendants. (Dkt. 3-2.)

The Court has reviewed the record in this case including the materials attached to the Durante Declaration. Having done so, the Court finds that OCIC has shown a likelihood of success on the merits of their claims based on the terms of the Indemnity Agreement and the allegations in the Complaint. "Sureties are ordinarily entitled to specific performance of collateral security clauses." *Safeco Ins. Co. of America v. Schwab*, 739 F.2d 431, 433 (9th Cir. 1984). "[W]here [a surety knows it will] have liability claims filed against it but [does] not know the amount of those claims, the legal remedy of money damages [is] not adequate" and the equitable remedy of specific performance may be awarded. *Milwaukie Constr. Co.*

**MEMORANDUM DECISION AND ORDER- 4**

*v. Glenn Falls Ins. Co.*, 367 F.2d 964, 966 (9th Cir. 1966). Thus, the claims and the equitable remedy of specific performance are available to the OCIC in this case. Moreover, OCIC has alleged facts in the Complaint which, when coupled with the language of the Indemnity Agreement, appear to make it likely that it will prevail on the merits of their claims. Defendants have not responded or disputed the allegations or arguments of OCIC. The Court finds his element has been met.

The Court also finds the balance of equities tips in OCIC's favor and that an injunction would be in the public's interest. These elements both favor upholding the terms of a written contract. Absent any response or objection to the contrary, the documents and the factual allegations in the Complaint appear to support OCIC's claims that they are entitled to relief under the Indemnity Agreement.

As to irreparable injury, however, the Court finds OCIC has not satisfied this element. The injury complained of in the Motion for Preliminary Injunction is economic. In its Motion, OCIC seeks an injunction ordering the Defendants to deposit collateral security in the amount of $870,220. (Dkt. 3.) Such relief is economic and does not establish irreparable injury that cannot be remedied later. *See Cal. Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 852 (9th Cir. 2009) ("Economic damages are not traditionally considered irreparable because the injury can later be remedied by a monetary award."); *Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (Economic injury alone "does not support a finding of irreparable harm, because such injury can be remedied by a damage award."). At this stage, the injury alleged in the Motion is that OCIC

MEMORANDUM DECISION AND ORDER- 5

will have to pay the bond claims before receiving the collateral. That is an economic injury and does not establish irreparable harm for purposes of granting an injunction.

OCIC argues it need not show irreparable harm as a surety bringing a claim for specific enforcement of an indemnity agreement and, alternatively, that it has shown irreparable injury. (Dkt. 3 at 3.) The Court disagrees. While a surety need not sustain a loss from its own pocket before it can raise a claim demanding specific enforcement of an indemnity agreement, *Safeco*, 739 F.2d at 433, the fact that the claim exists does not establish irreparable injury for purposes of injunctive relief. *See Travelers Cas. & Sur. Co. of America v. W.P. Rowland Constructors Corp.*, No. CV-12-0390-PHX-FJM, 2012 WL 1718630, at *3 (D. Ariz. May 15, 2012) (denying injunctive relief to a surety of collateralization pursuant the equitable doctrine of *quia timet*); *Hudson Insur. Co. v. Simmons Constr., LLC*, No. CV12–407–PHX–GMS, 2012 WL 869383, at *4 (D. Ariz. March 14, 2012) (finding no authority in Ninth Circuit for preliminary injunctive relief for collateralization); *Hanover Ins. Co. v. TLC Investing, LLC*, No. 2:11-CV-00711-JCM-LRL, 2011 WL 3841299, at *1 (D. Nev. Aug. 26, 2011) (denying motion for reconsideration of denial of preliminary injunction because authority supporting classifying harm suffered by a surety as irreparable was not binding on the court).

Again, OCIC's Motion seeks only enforcement of the specific enforcement provision of the Indemnity Agreement that requires payment of the collateral security. (Dkt. 3.) Such relief is an economic injury recoverable by monetary damages at a later time. It is possible that other forms of relief not sought in the Motion could be shown to be irreparable. For

MEMORANDUM DECISION AND ORDER- 6

instance, OCIC has not alleged the Defendants are insolvent and sought to freeze their assets

or asked that Defendants be ordered to preserve and/or produce their records as required

under the Indemnity Agreement.[1] Similarly, OCIC has not shown that it cannot pay the bond

claims prior to receiving the collateral from the Defendants or that it will otherwise suffer

irreparable injury as a result of the Defendants' failure to deposit the collateral security that

cannot be compensated at a later time with money damages. *Travelers*, 2012 WL 1718630,

at *3. Instead, OCIC's Motion only seeks injunctive relief to require the payment of

collateral security which is an economic injury and not irreparable. Therefore, the Motion

is denied.

In so ruling, the Court does not diminish the value of OCIC's claims or its rights under

the Indemnity Agreement. Just the opposite, as the record currently stands it appears that

OCIC will prevail on its claims.[2] The denial of the Motion here is based entirely on the

requirements applicable to an injunction and the need to show irreparable injury is likely in

the absence of an injunction.

---

[1]OCIC has not asked the Court to issue an injunction freezing assets which could be available where a plaintiff can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment. *See In re Estate of Ferdinand Marcos*, 25 F.3d 1467, 1480 (9th Cir. 1994); *see also Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1141 (9th Cir. 2005) (recognizing that it was a matter of the district court's discretion to determine whether preliminary injunction was warranted to prevent insolvency); *Travelers Cas. and Sur. Co. of America v. Highland Partnership, Inc.*, No. 10cv2503 AJB (DHB), 2012 WL 3307203 (S.D. Cal. Aug. 10, 2012).

[2] In *Travelers Cas. & Sur. Co. of America v. W.P. Rowland Constructors Corp.*, a case substantially similar to this one, the court denied preliminary injunction but later granted the surety's motion for summary judgment and ordered specific performance in the form of payment of collateral under the indemnity agreement. *Travelers*, 2013 WL 2285204 (D. Ariz. May 22, 2013).

**MEMORANDUM DECISION AND ORDER- 7**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion for Preliminary

Injunction (Dkt. 3) is **DENIED**.

DATED:  **November 4, 2015**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 8**